## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEARBORN FARMS, INC., | Civil Action No.: |
| Plaintiff, | Removed from: |
| v. | Superior Court of the State of New Jersey Monmouth County- Law Division |
| THE NETHERLANDS INSURANCE COMPANY, | Docket No.: MON-L-3176-14 |
| Defendant. | **NOTICE OF REMOVAL** |

**TO:**  **Clerk of the Court**
United States District Court
District of New Jersey
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street
Trenton, NJ 08608

**Shawn J. Wallach, Esq.**
**Law Offices of Shawn J. Wallach**
1460 Route 9 North, Suite 207
Woodbridge, New Jersey 07095

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§1332 and 1441, Defendant,

The Netherlands Insurance Company (hereinafter "Defendant"), by its undersigned attorneys,

Finazzo Cossolini O'Leary Meola & Hager, LLC, hereby removes the above-captioned civil

action, and all claims and causes of action therein, from the Superior Court of the State of New

Jersey, County of Monmouth, to the United States District Court for the District of New Jersey.

The grounds for removal are as follows:

1.      On August 18, 2014, Plaintiff commenced an action in the Superior Court of the State of New Jersey, Law Division, County of Monmouth, Docket No. MON-L-3176-14, by the filing of a Complaint.

2.      Upon information and belief, Plaintiff served Defendant with a Summons and Complaint on September 2, 2014.  Therefore, this Notice of Removal is timely.

3.      True and complete copies of all process, pleadings and orders served upon Defendant in the state court action, consisting at this time solely of the Summons, Complaint, Track Assignment Notice and Civil Case Information Statement, are attached hereto as Exhibit A.

4.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441, in that it is a civil action between citizens of different states and, upon information and belief, the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5.      As alleged in the Complaint, Plaintiff, Dearborn Farms, Inc., is a corporation with its principal place of business located at 2170 Highway 35, Holmdel, New Jersey.  Upon information and belief, Plaintiff is a corporation organized under the laws of the State of New Jersey.  Accordingly, Plaintiff is a citizen of New Jersey under 28 U.S.C. § 1332(c)(1).

6.      Defendant is a corporation duly organized under the laws of the State of New Hampshire with its principal place of business in Massachusetts.  Accordingly, Defendant is a citizen of New Hampshire and Massachusetts under 28 U.S.C. §1332(c)(1).

7.      Therefore, there is complete diversity of citizenship between the parties hereto, thereby satisfying the diversity of citizenship requirement of 28 U.S.C. §1332.

8.      Upon information and belief, the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, thereby satisfying the amount in controversy requirement of 28 U.S.C. §1332.

9.      Defendant will promptly serve a copy of this Notice of Removal on counsel for Plaintiff, and will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of New Jersey, County of Monmouth, pursuant to 28 U.S.C. §1446(d).

**WHEREFORE**, Defendant, The Netherlands Insurance Company, under 28 U.S.C. §§ 1332 and 1441, removes this action in its entirety from the Superior Court of the State of New Jersey, County of Monmouth, to the United States District Court for the District of New Jersey.

**FINAZZO COSSOLINI O'LEARY
MEOLA & HAGER, LLC**

DATED:  October 1, 2014

By: _____/s/Christopher S. Finazzo_____
CHRISTOPHER S. FINAZZO (CF4844)
36 Cattano Avenue – Suite 500
Morristown, NJ 07960
(973) 343-4960
Christopher.Finazzo@Finazzolaw.com
Attorneys for Defendant,
The Netherlands Insurance Company

3

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to my knowledge, the subject matter now before this Court is not part of any other action pending in any Court or of any pending arbitration or administrative proceeding.

**FINAZZO COSSOLINI O'LEARY**
**MEOLA & HAGER, LLC**

DATED:  October 1, 2014

By:_____ /s/Christopher S. Finazzo____
CHRISTOPHER S. FINAZZO (CF4844)
36 Cattano Avenue – Suite 500
Morristown, NJ 07960
(973) 343-4960
Christopher.Finazzo@Finazzolaw.com
Attorneys for Defendant,
The Netherlands Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of October, 2014, the foregoing Notice of Removal with attachments, Certification pursuant to Local Civil Rule 11.2 and Corporate Disclosure Statement pursuant to Federal Rule of Civil Procedure 7.1, were electronically filed with the Clerk of the Court, United States District Court for the District of New Jersey and that a copy of the same was served *via* e-mail and regular mail upon the following known counsel of record:

Shawn J. Wallach, Esq.
Law Offices of Shawn J. Wallach
1460 Route 9 North, Suite 207
Woodbridge, New Jersey 07095
Wallach.Shawn@gmail.com

Attorneys for Plaintiff,
Dearborn Farms, Inc.

Dated: October 1, 2014                 Respectfully submitted,

**FINAZZO COSSOLINI O'LEARY**
**MEOLA & HAGER, LLC**

By:_____ */s/Christopher S. Finazzo*_____
        CHRISTOPHER S. FINAZZO (CF4844)
        36 Cattano Avenue – Suite 500
        Morristown, NJ 07960
        (973) 343-4960
        Christopher.Finazzo@Finazzolaw.com
        Attorneys for Defendant,
        The Netherlands Insurance Company

# Exhibit A

**SUMMONS**

Attorney(s)  Shawn J. Wallach
Office Address  1460 US Hwy 9 North, Suite 207
Town, State, Zip Code  Woodbridge, NJ 07095

Telephone Number  908-601-6550
Attorney(s) for Plaintiff  Dearborn Farms, Inc.

DEARBORN FARMS, INC.
　　　　Plaintiff(s)

Vs.

THE NETHERLANDS INSURANCE COMPANY

　　　　Defendant(s)

**Superior Court of
New Jersey**

MONMOUTH COUNTY
law DIVISION

Docket No: MON-L-3176-14

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

*Michelle M. Smith*
Clerk of the Superior Court

DATED:  August 25, 2014

Name of Defendant to Be Served:  The Netherlands Insurance Company

Address of Defendant to Be Served:  175 Berkeley Street
Boston, MA 02117

MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1269
FREEHOLD        NJ 07728

COURT TELEPHONE NO. (732) 677-4240
COURT HOURS 8:30 AM - 4:30 PM

                                    TRACK ASSIGNMENT NOTICE

                    DATE:   AUGUST 20, 2014
                    RE:     DEARBORN FARMS INC VS THE NETHERLANDS INSURANCE CO
                    DOCKET: MON L -003176 14

THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 2.

DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:   HON KATIE A. GUMMER

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT: (732) 677-4667 EXT 4667.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 10 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

                    ATTENTION:      DEARBORN FARMS INC

                                                    00000

JUNOME0

```
F I L E D
AUG 18 2014
MONMOUTH VICINAGE
CIVIL DIVISION      004
```

Shawn J. Wallach - 050271997
**Law Offices of Shawn J. Wallach**
1460 Route 9 North, Suite 207
Woodbridge, NJ 07095
Phone: (908) 601-6550
Attorneys for Plaintiff(s)

DEARBORN FARMS, INC.

            Plaintiff(s).

vs.

THE NETHERLANDS INSURANCE
COMPANY

            Defendant(s).

SUPERIOR COURT OF NEW JERSEY
MONMOUTH COUNTY: LAW DIVISION

DOCKET NO.: MON-L- 3176-14

Civil Action

COMPLAINT

The Plaintiff, DEARBORN FARMS, INC. by and through it attorney Law Offices of Shawn J. Wallach, with offices at 1460 U.S. Highway 9 North, Suite 207, Woodbridge, NJ, by way of Complaint against the Defendant Netherlands Insurance Company state as follows:

1.      Plaintiff is a corporation with its principal place of business at 2170 Highway 35, Holmdel, County of Monmouth and State of New Jersey.

2.      Plaintiff owns the premises located at 2170 Highway 35, Holmdel, County of Monmouth and State of New Jersey.

3.      The Netherlands Insurance Company is a foreign corporation licensed to do business in the State of New Jersey.

<u>Background Statement</u>

4.      Plaintiff is the owner of the business located at the above address.

5.      At all times herein after mentioned Plaintiff owns the policy of insurance underwritten by The Netherlands Insurance Company (hereinafter "Netherlands").

6.      Said policy was sold by Netherlands to the Plaintiff.

7.     Said policy had policy number CBP 9368982.

8.     Said policy with Netherlands insured the premises located at 2170 Highway 35, Holmdel, NJ.

9.     Said Policy was effective during the time of the loss.

10.    On or about October 29, 2012 Super Storm Sandy struck New Jersey and the surrounding areas causing widespread damage.

11.    As a result of Super Storm Sandy Plaintiff sustained substantial damage to the property located at the aforementioned address.

12.    Thereafter, Plaintiff submitted a claim to Defendant Netherlands against the policy for the loss of the property insured under the policy.

13.    Plaintiff asked that Defendant cover the damage to the Property pursuant to the policy.

14.    Plaintiff has complied with all of the policy provisions and has cooperated fully with the investigation of this claim.

15.    Defendant Netherlands failed to properly adjust the claim and Defendant has denied at least a portion of the claim without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

16.    Because Defendant underpaid Plaintiff on Plaintiff's insurance claim, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's Property. This has caused additional, further damage to Plaintiff.

17.    To date, Plaintiff has been underpaid for the damage sustained to the residence, the contents and the loss of use of the premises.

18.     Despite Plaintiff's compliance with all policy provisions, Defendant refuses to fairly adjust the claims for damage.

19.     All conditions precedent to recover have been performed, waived, or have occurred.

20.     Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Defendant Netherlands failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.  Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

21.     Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the New Jersey Unfair Claims Settlement Practices Act.

22.     Defendant Netherlands failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy.  Defendant's conduct constitutes a violation of the New Jersey Unfair Claims Settlement Practices Act.

23.     Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant.  Defendant's conduct constitutes a violation of the New Jersey Unfair Claims Settlement Practices Act.

24.     Defendant Netherlands refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendant's conduct constitutes a violation of the New Jersey Unfair Claims Settlement Practices Act.

25.     Defendant Netherlands failed to meet its obligations under the New Jersey Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendant's conduct constitutes violation of the New Jersey Unfair Claims Settlement Practices Act.

26.     Defendant failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendant's conduct constitutes violation of the New Jersey Unfair Claims Settlement Practices Act.

27.     Defendant Netherlands failed to meet its obligations under the New Jersey Insurance Code regarding payment of claim without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for the claim. Defendant's conduct constitutes violation of the New Jersey Unfair Claims Settlement Practices Act.

28.     From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full

payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

29.       As a result of Defendant Netherlands wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys and law firm who are representing Plaintiff with respect to these causes of action.

### FIRST COUNT- BREACH OF CONTRACT AGAINST NETHERLANDS

30.       Plaintiff repeats each and every allegation contained in paragraphs 1 through 29 as if same were fully set forth herein.

31.       According to the Insurance Policy that Plaintiff purchased, Defendant has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from wind. As a result of the winds from Super Storm Sandy, ensuing losses from the wind, which is a covered peril under the Policy, Plaintiff's Property has been damaged.

32.       Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of New Jersey, constitutes a breach of Defendant's contract with Plaintiff.

33.       As a result of this breach of contract, Plaintiff has suffered damages by failing to have the funds needed to repair the premises and further damages described herein.

WHEREFORE, judgment is demanded in favor of Plaintiff and against Defendant for:

a.  Compensatory damages in an amount to be proven at trial;

b.  Consequential damages;

c.  Interest;

d. Attorney fees;

e. And such other relief as the Court deems just and equitable.

SECOND COUNT- BAD FAITH AGAINST DEFENDANT NETHERLANDS

34.     Plaintiff repeats each and every allegation contained in paragraphs 1 through 33 as if same were fully set forth herein.

35.     By its acts, omissions, failures and conduct, Defendant has acted in bad faith pursuant to the laws of the State of New Jersey.

36.     Defendant's actions in failing to timely and properly pay the claim, failing to appropriately and fairly adjust the scope of the claim of the Plaintiff, willfully and wantonly denying said claim rise to the level of bad faith.

37.     Defendant had no reasonable basis or valid reason to disregard damage that was a covered loss under the policy.

38.     Defendant failed to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

39.     Defendant denied benefits under this claim without a fairly debatable reason to do so.

40.     Defendant conducted an outcome-oriented investigation and refused to accept all of the evidence as it pertained to the loss.

41.     Defendant's conduct has also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendant knew or should have known that it was reasonably clear that the claim was a covered loss.

42.     These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiff's damages.

WHEREFORE, judgment is demanded in favor of Plaintiff and against Defendant for:

a.  Compensatory damages in an amount to be proven at trial;

b.  Consequential damages;

c.  Punitive damages;

d.  Interest;

e.  Attorney fees;

f.  And such other relief as the Court deems just and equitable

## *JURY DEMAND*

The Plaintiff demands trial by a jury on all of the triable issues of this complaint, pursuant to New Jersey Court *Rules* 1:8-2(b) and 4:35-1(a).

## *TRIAL DESIGNATION*

Pursuant to Rule 4:25-4, Shawn J. Wallach, Esq. is hereby designated as trial attorney on the within matter.

## *CERTIFICATION OF NO OTHER ACTION*

Pursuant to R. 4:5-1, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of

our knowledge and belief. Also, to the best of our knowledge and belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties that could or should be joined in the above action. In addition, we recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

## PROOF OF SERVICE

Pursuant to R. 4:6, I hereby certify that a true copy of the within pleading has been forwarded to the Superior Court Clerk of Monmouth County this 14th day of August, 2014.

Law Offices of Shawn J. Wallach

By: _____
      Shawn J. Wallach, Esq.

Dated: August 14, 2014

**Appendix XII-B1**

<table>
<tr><td colspan="2">CIVIL CASE INFORMATION STATEMENT<br>(CIS)<br><br>Use for initial Law Division<br>Civil Part pleadings (not motions) under *Rule* 4:5-1<br>**Pleading will be rejected for filing, under *Rule* 1:5-6(c),**<br>**if information above the black bar is not completed**<br>**or attorney's signature is not affixed**</td><td colspan="2">FOR USE BY CLERK'S OFFICE ONLY<br>PAYMENT TYPE:  ☐ CK  ☐ CG  ☐ CA<br>CHG/CK NO.<br><br>AMOUNT:<br><br>OVERPAYMENT:<br><br>BATCH NUMBER:</td></tr>
</table>

| ATTORNEY / PRO SE NAME<br>Shawn Wallach | TELEPHONE NUMBER<br>908-601-6550 | COUNTY OF VENUE<br>Monmouth |
|---|---|---|
| FIRM NAME (if applicable)<br>Law Offices of Shawn J. Wallach | | DOCKET NUMBER (when available)<br>L-3176-14 |
| OFFICE ADDRESS<br>1460 US Highway 9N, Suite 207<br>Woodbridge, NJ 07095 | | DOCUMENT TYPE<br>Complaint |
| | | JURY DEMAND   ☐ YES   ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Dearborn Farms, INC, Plaintiff | CAPTION<br>DEARBORN FARMS, INC., Plaintiff<br>vs. THE NETHERLANDS INSURANCE COMPANY,<br>Defendant |
|---|---|
| CASE TYPE NUMBER<br>(See reverse side for listing)<br>599 | HURRICANE SANDY<br>RELATED?<br>☒ YES   ☐ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ☒ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW<br>REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING?<br>☐ Yes   ☒ No | IF YES, LIST DOCKET NUMBERS |
|---|---|
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ Yes   ☒ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)   ☐ NONE<br>☒ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR<br>RECURRENT RELATIONSHIP?<br>☒ Yes   ☐ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☒ OTHER (explain)<br>☐ FAMILIAL   ☐ BUSINESS   Insurance |
|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ YES   ☒ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR
ACCELERATED DISPOSITION

FILED
AUG 18 2014
CIVIL DIVISION   004

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ Yes   ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>☐ Yes   ☒ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be
redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]*                    *8/17/14*

Effective 08-19-2013, CN 10517-English                                      page 1 of 2

**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151  NAME CHANGE
175  FORFEITURE
302  TENANCY
399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502  BOOK ACCOUNT (debt collection matters only)
505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
506  PIP COVERAGE
510  UM or UIM CLAIM (coverage issues only)
511  ACTION ON NEGOTIABLE INSTRUMENT
512  LEMON LAW
801  SUMMARY ACTION
802  OPEN PUBLIC RECORDS ACT (summary action)
999  OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305  CONSTRUCTION
509  EMPLOYMENT (other than CEPA or LAD)
599  CONTRACT/COMMERCIAL TRANSACTION
603N  AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y  AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605  PERSONAL INJURY
610  AUTO NEGLIGENCE – PROPERTY DAMAGE
621  UM or UIM CLAIM (includes bodily injury)
699  TORT – OTHER

**Track III - 450 days' discovery**
005  CIVIL RIGHTS
301  CONDEMNATION
602  ASSAULT AND BATTERY
604  MEDICAL MALPRACTICE
606  PRODUCT LIABILITY
607  PROFESSIONAL MALPRACTICE
608  TOXIC TORT
609  DEFAMATION
616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617  INVERSE CONDEMNATION
618  LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303  MT. LAUREL
508  COMPLEX COMMERCIAL
513  COMPLEX CONSTRUCTION
514  INSURANCE FRAUD
620  FALSE CLAIMS ACT
701  ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

| | | | |
|---|---|---|---|
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 288 | PRUDENTIAL TORT LITIGATION |
| 271 | ACCUTANE/ISOTRETINOIN | 289 | REGLAN |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 278 | ZOMETA/AREDIA | 291 | PELVIC MESH/GYNECARE |
| 279 | GADOLINIUM | 292 | PELVIC MESH/BARD |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 282 | FOSAMAX | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 284 | NUVARING | 296 | STRYKER REJUVENATE/ABG II MODULAR  HIP STEM COMPONENTS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 286 | LEVAQUIN | 601 | ASBESTOS |
| 287 | YAZ/YASMIN/OCELLA | 623 | PROPECIA |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics'.

**Please check off each applicable category**  ☐ Putative Class Action    ☐ Title 59